UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHANE RAMSUNDAR and SHANTAL RAMSUNDAR,

        Petitioners,

   v.

WILLIAM BARR, Attorney General, et al.,

        Respondents.

20-CV-491
ORDER

---

The *pro se* petitioners, Shantal and Shane Ramsundar, are civil immigration detainees currently confined at the Buffalo Federal Detention Facility in Batavia, New York ("BFDF"). *See* Docket Item 1. They have filed an "Emergency Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 & Temporary Restraining Order" and seek their immediate release. *Id.* They claim that their continued detention during the COVID-19 pandemic poses "grave risk[s]" to their health and wellbeing. *Id.* at 1.

On May 5, 2020, the respondents moved to dismiss the petition because Ms. Ramsundar does not meet the criteria set forth by the Centers for Disease Control and Prevention ("CDC") for COVID-19 vulnerability and because Mr. Ramsundar, although vulnerable, has been afforded the protections due to him under this Court's prior orders in *Ramsundar v. Wolf* ("*Ramsundar I*"), No. 20-CV-402, 2020 WL 1809677 (W.D.N.Y. Apr. 9, 2020) and *Jones v. Wolf*, 20-CV-361, 2020 WL 1643857 (W.D.N.Y. Apr. 2, 2020). *See* Docket Items 5 and 6. On May 7, 2020, this court heard argument from both sides.

For the reasons that follow, this Court grants the respondents' motion to dismiss.

**DISCUSSION**

I.    **SHANTAL RAMSUNDAR**

In *Jones*, this Court found that the government's "fail[ure] to take the steps recommended by public health officials to protect *high-risk individuals* from contracting COVID-19" while in immigration detention at the BFDF violated those individuals' Due Process rights. 2020 WL 1643857, at *1 (emphasis added). Thus, this Court ordered the government to "provide those petitioners who are vulnerable individuals, as defined by [the CDC,] with a living situation that facilitates 'social distancing.'" *Id.*

With respect to the *Jones* petitioners who were not "vulnerable" based on CDC guidelines, however, this Court found that there was no Due Process violation. *See* 2020 WL 1809677, at *3 ("Although these individuals may be at heightened risk of developing complications from COVID-19, they do not meet the CDC's current criteria for vulnerable individuals. Because the violation at issue arises from the respondents' failure to act on their actual knowledge of serious risks to the health and well-being of individuals with the vulnerabilities identified by the CDC, the respondents are not acting with deliberate indifference to the needs of [the petitioners who do not] meet[ ] these criteria." (citation and internal quotation marks omitted)).

Ms. Ramsundar claims that her asthma puts her at risk for complications from COVID-19. But the respondents' medical expert, Captain Carlos M. Quinones-Ortiz, M.D., attests that he has reviewed Shantal's medical records and "Ms. Ramsundar is not a 'vulnerable individual' as per CDC' guidance and this Court's orders in

[*Ramsundar I* and *Jones*]." Docket Item 5-3 at 3.[1]  More specifically, he states that "Ms. Ramsundar is under 65 years of age and . . . does not have any of the chronic conditions [identified by the CDC.  Ms. Ramsundar does suffer from asthma, but her asthma is mild and intermittent.  Her symptoms are well controlled.  During her time at BFDF, she has not been seen as a result of an asthma attack or been hospitalized for asthma-related care."  *Id.* at 2.  Ms. Ramsundar's asthma, Capt. Quinones-Ortiz concludes, therefore "is not 'moderate or severe,' as defined under [CDC] guidance with regard to individuals who are higher risk of sickness from COVID-19."  *Id.* at 2-3.

Ms. Ramsundar has not produced any expert opinion or medical records contradicting Capt. Quinones-Ortiz's conclusion.  As this Court explained in *Jones*, it "is trained in the law, not medicine," and "[t]he best it can do in this situation is turn to the experts."  2020 WL 1643857, at *7.

Therefore, based on this Court's decision in *Jones*, the respondents have not violated Ms. Ramsundar's right to Due Process.  Accordingly, this Court grants the respondents' motion to dismiss Ms. Ramsundar's petition.

## II.    SHANE RAMSUNDAR

The respondents do not dispute that Mr. Ramsundar meets the CDC's criteria for COVID-19 vulnerability.  *See* Docket Item 6 at 4-5.  But they argue that his petition should be dismissed because this Court previously determined that the respondents, by

---

[1] As this Court explained in *Jones*, the CDC has stated that "high-risk conditions could include: [p]eople with chronic lung disease or moderate to severe asthma[; p]eople who have serious heart conditions[; p]eople who are immunocompromised . . . [; p]eople of any age with severe obesity (body mass index [BMI] of 40 or higher)[; p]eople with diabetes[; p]eople with chronic kidney disease undergoing dialysis[; or p]eople with liver disease."  2020 WL 1643857, at *14 n.13 (citation omitted).

providing Mr. Ramsundar with an individual cell and other protective measures, "ha[d] remedied [any] Due Process violation," *Ramsundar I*, 2020 WL 1809680, at *4, and "Mr. Ramsundar's situation has not changed since [that finding]," Docket Item 6 at 4.

This Court agrees.  Mr. Ramsundar has not produced any evidence showing that the respondents are defying this Court's prior orders requiring: "placement in [a] single-occupancy cell[ ]; accommodation to eat meals in th[at] cell[ ] and to bathe and shower in isolation; the provision, without charge, of sufficient shower disinfectant, masks, and ample soap; and the requirement that all BFDF staff and officers wear masks *whenever* interacting with the[ ] petitioner[ ]." *Ramsundar I*, 2020 WL 1809677, at *4 (footnote omitted) (emphasis in original).  And to the extent Mr. Ramsundar seeks an order enjoining the respondents from ending any of these practices, such an order already is in place with respect to his first petition.  *See id.* at *6.  Accordingly, this Court grants the respondents' motion to dismiss Mr. Ramsundar's instant petition.

## **ORDER**

For the reasons stated above, the respondents' motion to dismiss, Docket Item 5, is GRANTED, and Shane Ramsundar's and Shantal Ramsundar's petitions, Docket Item 1, are DISMISSED.  The Clerk of Court shall close this case.

SO ORDERED.

Dated:     May 7, 2020
           Buffalo, New York

                                                 */s/ Hon. Lawrence J. Vilardo*
                                                 LAWRENCE J. VILARDO
                                                 UNITED STATES DISTRICT JUDGE